TIMOTHY J. SILVERMAN, ESQ., BAR NO. 145264
PAMELA LaBRUYERE, ESQ., BAR NO. 159233
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Plaintiff
SCOTT M. FOREMAN

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NAOMI DYE-CHEN aka NAOMI CHEN,<br><br>Debtor.<br>_____<br><br>SCOTT M. FOREMAN,<br><br>Plaintiff,<br><br>v.<br><br>NAOMI DYE-CHEN aka NAOMI CHEN,<br><br>Defendant. | Case No: 06-02200-M7<br><br>Adv. Pro. 06-90460-M7<br><br>PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>Date: June 22, 2007<br>Time: 10:00 a.m.<br>Dept: One<br>Judge: Hon. James W. Meyers |

Plaintiff, SCOTT M. FOREMAN ("Plaintiff"), moves this court for an order granting Plaintiff leave to file an Amended Complaint for a determination of the dischargeability of a debt against NAOMI DYE-CHEN aka NAOMI CHEN ("Debtor" or "Defendant"). A copy of the proposed Amended Complaint is attached as Exhibit "A" hereto and incorporated herein by this reference.

1

## PROCEDURAL AND FACTUAL BACKGROUND

On or before May 9, 2005, based upon a pre-existing, long-time friendship, the Debtor approached the Plaintiff with an investment scheme whereby the Plaintiff would invest money with her and her company, Chen Acquisitions LLC. Among other things, the Debtor represented to Plaintiff that the entirety of the funds would be used to invest in real estate. The Debtor represented that the targeted real estate was foreclosed properties which could be re-sold at a high profit. The Debtor represented that Plaintiff would earn a net profit of between 40% and 125% on his invested funds in a very short period of time, i.e., in a matter of months. The Debtor represented that she would fully disclose all aspects of the transaction to Plaintiff and keep him abreast of all material developments. The Debtor represented that Plaintiff could have his funds returned to him at any time by cashier's or certified check, to be paid within ten (10) business days. The Debtor used her friendship with the Plaintiff to gain his confidence and trust in the proposed investment.

To make it appear that the investment was legitimate and genuine, the Debtor insisted that the parties formalize the investments in writing with Investment Agreements, whereby the material and salient terms and conditions of the investment arrangement was set forth therein.

Based upon the Debtor's intentional representations, as well as the trust and confidence that the Plaintiff had in the Debtor due to their long-standing friendship, the Plaintiff made the following investments, each memorialized in separate Investment Agreements:

    A.    On May 9, 2005, Plaintiff invested $25,000.00, with the promise that he would receive $56,250.00, or a net profit of 125%, within 9 months;

    B.    On July 28, 2005, Plaintiff invested $14,000.00, with the promise that he would receive $19,040.00, or a net profit of 40%, within 6 months, and full return of principal in 60 days; and

    C.    On October 4, 2005, Plaintiff invested $10,000.00, with the promise that he would receive $13,600.00, or a net profit of 40%, within 7 **days**.

Further, the Debtor introduced numerous individuals to Plaintiff and described them as satisfied, existing investors for the purpose of allaying any fears or concerns that the Plaintiff had

in making the investment and to instill confidence in the transaction. The Debtor obtained Plaintiff's funds totaling $49,000.00 by false pretenses, or alternatively, actual fraud, in that the circumstances appear to constitute a classic Ponzi scheme. The Debtor did not intend to follow through with any of the representations made to the Debtor and simply used the investment scheme as a vehicle for inducing the Plaintiff to invest funds with the Debtor. As a result, the Debtor took the funds invested by the Plaintiff and used those funds for her own personal use and benefit.

Despite repeated demands resulting in a long string of additional misrepresentations and deceit, the Debtor never made any payments to the Plaintiff. There is now due and owing by the Debtor to the Plaintiff the total principal sum of $49,000.00, plus interest thereon from May 9, 2005, and other costs.

Plaintiff filed his original nondischargeability complaint against the Debtor on November 17, 2006. The Debtor filed her answer on or about December 17, 2006.

Plaintiff has determined to proceed with his claims and by this motion seeks leave of court to amend his complaint to include a cause of action for fraud in a fiduciary capacity pursuant to § 523(a)(4). There has been no discovery, no motions have been filed and no new facts or parties have been added by the proposed Amended Complaint. A copy of the proposed Amended Complaint is attached as Exhibit "A" hereto.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 15, made applicable to these proceedings by Rule 7015 of the Rules of Bankruptcy Procedure, provides in pertinent part:

> (a) . . . a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and **leave shall be freely given** when justice so requires. . . (emphasis added).

The United States Supreme Court has ruled that a plaintiff ". . .ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 9 L.Ed.2d 222 (1962). In the instant case, Plaintiff seeks merely to add a cause of action under §523 (a)(4). The Amended Complaint does not create new claims of fact, there has been

3

no discovery, no motions have been filed, and there are no new parties inserted by Plaintiff's proposed Amended Complaint. Further, there have been no previous amendments. Although Plaintiff's original complaint was filed in November 2006, delay alone, without prejudice or surprise, is an insufficient basis to deny leave to amend. United States v. Continental Ill. Nat'l Bank, 889 F.2d 1248 (2d. Cir. 1989). There is no prejudice to the Debtor by allowing the Amended and Plaintiff's motion should be granted.

WHEREFORE, Plaintiff prays that this Court grant him leave to file his Amended Complaint to determine the obligation of the Debtor to Plaintiff to be nondischargeable under 11 U.S.C. §523(a)(2)(A) and/or §523(a)(4) and/or §523 (a)(6) and for such other and further relief as this Court deems just and proper.

DATED: May 17, 2007

SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC

By: /s/ *[signature]*
Pamela LaBruyere
Attorneys for Plaintiff,
SCOTT M. FOREMAN

Amended Complaint

TIMOTHY J. SILVERMAN, ESQ., BAR NO. 145264
PAMELA LaBRUYERE, ESQ., BAR NO. 159233
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Plaintiff
SCOTT M. FOREMAN

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NAOMI DYE-CHEN aka NAOMI CHEN,<br><br>Debtor.<br><br>―――――――――――――<br><br>SCOTT M. FOREMAN,<br><br>Plaintiff,<br><br>v.<br><br>NAOMI DYE-CHEN aka NAOMI CHEN,<br><br>Defendant. | Case No: 06-02200-M7<br><br>Adv. Pro. 06-90460-M7<br><br>FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>[11 U.S.C. §523] |

Plaintiff, SCOTT M. FOREMAN ("Plaintiff"), complains and alleges as follows:

**JURISDICTION**

1. This Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1471, 157 and 11 U.S.C §523(a)(2)(A), §523 (a)(4) and §523(a)(6). This is a core proceeding pursuant to 28 U.S.C. §157.

////

Exhibit "A"

1

## VENUE

2. Venue is proper pursuant to 28 U.S.C. §1409.

## PARTIES

3. Plaintiff is now and at all times herein mentioned was an individual residing in the County of San Diego, State of California.

4. Plaintiff is informed and believes and upon such information and belief alleges that NAOMI DYE-CHEN aka NAOMI CHEN ("Debtor" or "Defendant") is now and at all times herein mentioned was an individual residing in the County of San Diego, State of California. Plaintiff is informed and believes that at all times herein mentioned, the Debtor was the owner and managing member of Chen Acquisitions LLC.

5. Plaintiff is a creditor of the Debtor's and has been included in the Schedule of Obligations filed by the Debtor in the bankruptcy proceeding.

6. The Debtor filed this voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on August 13, 2006.

7. James L. Kennedy is the duly qualified and appointed Chapter 7 Trustee.

## FIRST CLAIM FOR RELIEF

### 11 U.S.C. §523(a)(2)(A)

8. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 7 of Plaintiff's Complaint as though fully set forth herein.

9. On or before May 9, 2005, based upon a pre-existing, long-time friendship, the Debtor approached the Plaintiff with an investment scheme whereby the Plaintiff would invest money with her and her company, Chen Acquisitions LLC. Amongst other things, the Debtor represented to Plaintiff that the entirety of the funds would be used to invest in real estate. The Debtor represented that the targeted real estate was foreclosed properties which could be re-sold at a high profit. The Debtor represented that Plaintiff would earn a net profit of between 40% and 125% on his invested funds in a very short period of time, i.e., in a matter of months. The Debtor represented that she would fully disclose all aspects of the transaction to Plaintiff and keep him abreast of all material developments. The Debtor represented that Plaintiff could have

2

his funds returned to him at any time by cashier's or certified check, to be paid within ten (10) business days. The Debtor used her friendship with the Plaintiff to gain his confidence and trust in the proposed investment.

10. To make it appear that the investment was legitimate and genuine, the Debtor insisted that the parties formalize the investments in writing with Investment Agreements, whereby the material and salient terms and conditions of the investment arrangement was set forth therein.

11. The Debtor made the representations set forth above, and others, with a specific intent to induce the Plaintiff to invest money with her and Chen Acquisitions LLC.

12. Based upon the Debtor's intentional representations, as well as the trust and confidence that the Plaintiff had in the Debtor due to their long-standing friendship, the Plaintiff made the following investments, each memorialized in separate Investment Agreements:

    A. On May 9, 2005, Plaintiff invested $25,000.00, with the promise that he would receive $56,250.00, or a net profit of 125%, within 9 months;

    B. On July 28, 2005, Plaintiff invested $14,000.00, with the promise that he would receive $19,040.00, or a net profit of 40%, within 6 months, and full return of principal in 60 days; and

    C. On October 4, 2005, Plaintiff invested $10,000.00, with the promise that he would receive $13,600.00, or a net profit of 40%, within 7 **days**.

A true and correct copy of the three (3) Investment Agreements are collectively attached hereto, marked as Exhibit "1", and incorporated herein by this reference.

13. Without any knowledge that the representations were false or misleading, the Plaintiff reasonably and justifiably relied upon the Debtor's representations. The Plaintiff relied upon his pre-existing and long-standing friendship with the Debtor to invest the funds as well as the fact that other mutual friends of the Plaintiff and Debtor were also investing funds in the Debtor's scheme. In fact, the Debtor introduced numerous individuals to Plaintiff described as satisfied existing investors for the purpose of allaying any fears or concerns that the Plaintiff had in making the investment and to instill confidence in the transaction.

14. Plaintiff fully performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Investment Agreements.

15. Considering the totality of the circumstances, the Debtor obtained Plaintiff's funds totaling $49,000.00 by false pretenses, or, alternatively, actual fraud, in that the circumstances appear to constitute a classic Ponzi scheme. The Debtor did not intend to follow through with any of the representations made to the Debtor and simply used the investment scheme as a vehicle for inducing the Plaintiff to invest funds with the Debtor. As a result, the Debtor took the funds invested by the Plaintiff and used those funds for her own personal use and benefit.

16. Despite repeated demands resulting in a long string of additional misrepresentations and deceit, the Debtor never made any payments to the Plaintiff.

17. There is now due and owing by the Debtor to the Plaintiff the total principal sum of $49,000.00, plus interest thereon from May 9, 2005, and other costs.

18. Because the Debtor obtained the $49,000.00 in funds due to false pretenses, or, alternatively, actual fraud, the debt owed to the Plaintiff should be determined to be nondischargeable pursuant to §523(a)(2)(A), and that the Debtor be held liable to Plaintiff for $49,000.00, plus interest thereon from May 9, 2005.

### SECOND CLAIM FOR RELIEF

11 U.S.C. §523(a)(6)

19. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 of Plaintiff's Complaint as though fully set forth herein.

20. As set forth above, the Debtor wilfully and maliciously injured the Plaintiff by her fraudulent acts as set forth in detail above. The Debtor's acts caused willful and malicious injury to Plaintiff or to the property of Plaintiff.

21. As a result of these acts, Plaintiff has been damaged in the amount $49,000.00, plus interest thereon from May 9, 2005, and other costs.

4

22. Based on the foregoing, the debt owed by Debtor to Plaintiff in the principal amount $49,000.00, plus interest thereon from May 9, 2005, and other costs should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

## THIRD CLAIM FOR RELIEF

## 11 U.S.C. §523(a)(4)

23. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 of Plaintiff's Complaint as though fully set forth herein.

24. The Debtor defrauded the Plaintiff, failed to meet her obligations to Plaintiff, misappropriated money she held while acting in a fiduciary capacity on Plaintiff's behalf, and failed to properly account for such funds.

25. The Debtor's acts caused injury to Plaintiff or to the property of Plaintiff.

26. As a result of these acts, Plaintiff has been damaged in the amount $49,000.00, plus interest thereon from May 9, 2005, and other costs.

27. Based on the foregoing, the debt owed by Debtor to Plaintiff in the principal amount $49,000.00, plus interest thereon from May 9, 2005, and other costs should be excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Plaintiff prays for judgment as follows:

1. That this Court determine the obligation of the Debtor to Plaintiff be deemed to be non-dischargeable under 11 U.S.C. §523(a)(2)(A) and/or §523(a)(4) and/or §523 (a)(6);

2. That judgment be entered against the Debtor in the principal amount of $49,000.00, plus interest thereon from May 9, 2005;

3. For an award of costs;

4. For such other and further relief as this Court deems just and proper.

DATED:  May 17, 2007                            SOLOMON, GRINDLE, SILVERMAN &
                                                SPINELLA, APC


                                                By: /s/
                                                Pamela LaBruyere
                                                Attorneys for Plaintiff,
                                                SCOTT M. FOREMAN

Amended Complaint

6